[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPEAL FROM FAMILY SUPPORT MAGISTRATE'S DECISION ON MOTION TO DISMISS CHILD SUPPORT PETITION
Pursuant to the provisions of C.G.S. § 46b-231 (n), the Department of Social Services (hereafter "D.S.S.") has appealed the decision of the Family Support Magistrate dismissing the child support petition in the above-entitled matter. D.S.S. contends in its appeal to this court that the magistrate's decision dismissing the support petition for lack of CT Page 10587 jurisdiction constituted an "error of law."
The following facts are relevant to this inquiry: The D.S.S. support petition, dated October 29, 1999, was served on the respondent Jerry Mayo on November 17, 1999. The petition sought support from the respondent for a minor child who had been born to Malinda Gregor at the Lawrence and Memorial Hospital in New London on April 21, 1999. An acknowledgment of the child's paternity, purportedly signed under oath by Mr. Mayo, and an affirmation of consent to the acknowledgment, purportedly signed under oath by Ms. Gregor, had previously been filed with this court. The form containing the acknowledgment and affirmation indicates that both parties subscribed and swore to the document before Elizabeth S. Bowers, a notary public, on April 21, 1999 in New London. A filing stamp which appears on the front of that document indicates that the acknowledgment and affirmation form was filed at the Superior Court for the Judicial District of New London at New London on July 16, 1999.
Under the provisions of C.G.S. § 46b-172, a properly executed and filed acknowledgment of paternity by a putative father, accompanied by a valid waiver of his due process rights to contest paternity in court, and a sworn affirmation of the mother consenting to the acknowledgment, would have the same force and effect as a judgment of paternity by the Superior Court. In the present case, D.S.S. was seeking a court order of child support from the respondent, based upon the acknowledgment and affirmation which had been filed with the court on July 16, 1999.
A hearing on the D.S.S. petition was held before the family support magistrate on January 7, 2000. Both Mr. Mayo and Ms. Gregor appeared in court on that date. A transcript of that proceeding indicates that those parties had filed a motion to reopen the paternity acknowledgment and were also requesting that the court order genetic testing in order to resolve the question of paternity. Statements made by the parties to the magistrate (see specifically Pages 5, 12 and 15 of the transcript of the January 7th hearing) on that date clearly reflect their belief that someone other than Mr. Mayo could have fathered the child. The court appointed counsel to represent the minor child, and he participated in the January 7th hearing. Genetic testing was not ordered.
At the January 7th hearing, and at subsequent hearing on February 25, 2000, the counsel for the minor child objected to the court hearing the support petition. In a written motion to dismiss filed on February 14, 2000, he alleged various jurisdictional defects in the proceeding.
These included, inter alia, a claim that the court lacked jurisdiction because the parties had not been advised of their rights orally and in writing when they signed the acknowledgment/affirmation form, and a CT Page 10588 jurisdictional challenge based upon an allegation that the document had not been properly filed in the Department of Public Health's paternity registry. (See C.G.S. § 46b-172 (a)(1); C.G.S. § 172(a)(3) andP.A. 99-193, § 7.)
At the hearings, the magistrate heard testimony from the parties concerning their understanding of the paternity paper which they signed, and the procedure which was followed when they executed the document. The hospital employee who assisted the parties when they signed, Elizabeth S. Bowers, the registrar of births at Lawrence Memorial Hospital, also testified.
During the February 25th hearing, following testimony by Ms. Bowers, and before the parties had completed their presentations on the support petition hearing, counsel for the minor child requested that the magistrate entertain his motion to dismiss.[1] After lengthy argument by counsel, the magistrate issued the following oral ruling on that motion:
 "Without speaking at all to the validity of the acknowledgment to the validity of the substance of the acknowledgment to any of the issues with respect to the parties having in an oral and written fashion understood their rights in completing the acknowledgment, the Court is making a finding today that the statutory requirement as to the acknowledgment being not with the Court but being filed with the registry maintained by the Department of Health was not followed in this particular instance.
 It is the Court's position that . . . the fact it was filed in the Superior Court's file and not in the Department of Health's registry, is a valid basis for dismissing the support petition." (Transcript, February 25, 2000, Page 67).
It is from the forgoing ruling that D.S.S. appealed. A careful review of the entire proceeding convinces this court that the support magistrate never made findings of fact with respect to the claim that the parties' acknowledgment and affirmation was defective because they had not been advised properly of their rights. It is also clear that the magistrate did not that legal issue. Accordingly, this court will confine its appellate review solely to the issue of whether or not the support court lacked jurisdiction because the acknowledgment and affirmation had been improperly filed. CT Page 10589
A review of the history and language of the pertinent subsections of C.G.S. § 46b-172 is essential to an understanding of both the magistrate's decision, and this court's determination of the appeal therefrom.
As noted above, that statute enables parents to legally acknowledge and affirm a father's paternity, without the necessity of commencing a paternity suit before the Superior Court. (See C.G.S. § 46b-160). Prior to July 1, 1999, C.G.S. § 46b-172 (a)(1) read as follows:
 "In lieu of or in conclusion of proceedings under section 46b-10, a written acknowledgment of paternity executed and sworn to by the putative father of the child when accompanied by (A) an attested waiver of the right to a blood test, the right to a trial and the right to an attorney, and (B) a written affirmation of paternity executed and sworn to by the mother of the child and filed, with the Superior Court, for the judicial district in which the mother of the child or the putative father resides shall have the same force and effect as a judgment of that court. It shall be considered a legal finding of paternity without requiring or permitting judicial ratification, and shall be binding on the person executing the same whether he is an adult or a minor, subject to subdivision (2) of this subsection. Such acknowledgment shall not be binding unless, prior to the signing of any affirmation or acknowledgment of paternity, the mother and the putative father are given oral and written notice of the alternatives to, the legal consequences of and the rights and responsibilities that arise from signing such affirmation or acknowledgment. The notice to the mother shall include, but shall not be limited to, notice that the affirmation of paternity may result in rights of custody and visitation, as well as a duty of support, in the person named as father. The notice to the putative father shall include, but not be limited to, notice that he has the right to contest paternity, including the right to appointment of counsel, a genetic test to determine paternity and a trial by the Superior Court or a family support magistrate and that acknowledgment of paternity will make him liable for the financial support of the child until the child's eighteenth birthday. In addition, CT Page 10590 the notice shall inform the mother and the father that DNA testing may be able to establish paternity with a high degree of accuracy and may, under certain circumstances, be available at state expense. The notices shall also explain the right to rescind the acknowledgment, as set forth in subdivision (2) of this subsection, including the address where such notice of rescission should be sent, and shall explain that the acknowledgment cannot be challenged after sixty days, except in court upon a showing of fraud, duress or material mistake of fact."
C.G.S. § 46b-172 (a)(3) states:
 "All written notices, waivers, affirmations and acknowledgments required under subdivision (1) of this subsection, and rescissions authorized under subdivision (2) of this subsection, shall be on forms prescribed by the Department of Public Health, provided such acknowledgment form includes the minimum requirements specified by the Secretary of the United States Department of Health and Human Services. All acknowledgments and rescissions executed in accordance with this subsection shall be filed in the paternity registry established and maintained by the Department of Public Health under section 19a-42a."
In 1999, our General Assembly amended C.G.S. § 46b-172 when it enacted Public Act 99-193. Section 7 of P.A. 99-193[2] amended C.G.S. § 46b-172 (a)(1), and eliminated the requirement that the acknowledgment and affirmation document be filed with the Superior Court. Section 7 became effective on July 1, 1999, 15 days before the paternity document in question here was filed at the Superior Court in New London. P.A. 99-193 did not amend the provisions of C.G.S. § 46b-172
(a)(3). Accordingly, the new law no longer required that the paternity acknowledgment and affirmation be filed with the Superior Court, but retained the requirement that they be filed in the paternity registry operated by the Department of Health.
The magistrate's ruling was apparently based upon a finding that because the acknowledgment and affirmation document was filed with the Superior Court on July 16, 1999, and not with the Department of Health Registry, the trial court lacked jurisdiction to hear the support petition because the threshold requirements of C.G.S. § 46b-172 (a) (1) and (a)(3) had not been satisfied. This court finds that ruling to be erroneous. CT Page 10591
A review of the court file indicates that the paternity papers at issue were indeed filed with the Superior Court on July 16, 1999, more than four months prior to the date when the support petition was served upon Mr. Mayo. However, this court's review of the entire record does not reveal an evidentiary basis for the trial court's finding that the acknowledgment and affirmation had not also been filed with the Department of Health paternity registry. The testimony of Ms. Bowers did not indicate where the document had been filed (See particularly Pages18-19 of the February 25, 2000 Transcript). The arguments of counsel on that issue are not evidence. Furthermore, shortly before issuing its ruling on the motion to dismiss, the trial court engaged in the following colloquy with the counsel for D.S.S.:
 "THE COURT: What is the state's position with respect to the fact that it was filed in the file after July 1, 1999, the original? Is there another original in the Department of Public Health?
 MR. SAMALOT: I don't know the answer to that Your Honor."
(Transcript, February 25, 2000, page 65.)
Although counsel for D.S.S. went on to argue that the place of filing was irrelevant due to the fact that the acknowledgment had been executed prior to July 1, 1999, the magistrate's appropriate question with respect to the place of filing appears to have remained unresolved. This court found no probative evidence in the record supporting the legal finding that the document had not been filed in the Department of Health paternity Registry. The fact that it had been filed in the Superior Court on July 16, 1999 is not, in and of itself, dispositive. The law in effect prior to July 1, 1999 required a filing of the acknowledgment and affirmation form in both the court and the paternity registry. Therefore, an erroneous filing based on the prior law would not preclude the possibility that the paternity papers had been sent to both places.
For the court to find that a jurisdictional defect requires dismissal, it must first have probative evidence, or a factual basis in the record, to conclude that one exists. This court's review of the transcript and record prompts it to find that there was neither probative evidence nor a factual basis to support the trial court's ruling in this case. Accordingly, the court finds that the magistrate's order dismissing the support petition was erroneous as a matter of law. The appeal is sustained, the trial court's ruling is reversed, the support petition is reinstated, and the case is remanded to the trial court for further CT Page 10592 proceedings to resolve the forgoing issue.[3]
Given the reinstatement of the support petition, and the named parties articulated uncertainty with respect to paternity, the court suggests that prior to the resumption of the support hearing, the parties consider submitting themselves, and the minor child, to genetic testing. The court would also urge D.S.S. to consider paying for same. Such voluntary testing might further the interests of justice, and the best interests of the subject child, by possibly resolving the central underlying issue of paternity.
THE COURT
Dyer, J.